## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CELGENE CORPORATION, | Civil Action No. |
| Plaintiff, | 16-501 (SDW) (LDW) |
| v. | |
| BLANCHE LTD and DOES 1–10, | **MEMORANDUM OPINION AND** |
| Defendants. | **ORDER** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is Plaintiff Celgene Corporation's unopposed application for leave to serve the Summons and Complaint in this action on defendant Blanche LTD ("Blanche") by alternative means. (ECF No. 10). Having considered the Plaintiff's submission, for good cause shown and for the reasons set forth herein, the motion is **GRANTED.**

### I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff owns the rights to a cancer-treatment drug distributed under the registered trademark Revlimid. (Compl., ECF No. 1, ¶¶ 10, 13–19). Due to the potential toxicity of Revlimid's active ingredient, lenalidomide, Plaintiff distributes Revlimid in the United States under a restricted-distribution program approved by the Food and Drug Administration. (ECF No. 1, ¶¶ 11–12). Plaintiff commenced this action on January 28, 2016, alleging that Blanche has improperly used Plaintiff's Revlimid mark in connection with the online sale of generic lenalidomide to United States customers. (ECF No. 1, ¶¶ 20–41). The Complaint asserts claims against Blanche and various Doe defendants for trademark infringement, unfair competition, false

designation of origin, trademark dilution, and violation of the New Jersey Deceptive Trade Practices Act. (ECF No. 1, ¶¶ 42–106).

Since filing the Complaint, Celgene has reported unsuccessful efforts to locate and serve Blanche at its only associated physical address, in the United Arab Emirates ("UAE"). [1] The Court has twice granted Plaintiff's applications for additional time to attempt service on Blanche. (ECF Nos. 7, 9).

## II.    DISCUSSION

### A. *Plaintiff's Application*

Plaintiff now applies for authorization to serve the Summons and Complaint on Blanche by alternative means, specifically, by email to the following four email addresses, which are associated with Blanche's website or have been found to be connected to Blanche by an investigator:

- rx@canadian-pharmacies-online.net;

- customerservice@canadian-pharmacies-online.net;

- y5q299r9kvetafoq@privacyhero.company; and

- 015a86afla47d78300092073b9b6bbb9-1551262@contact.gandi.net.

(Br. in Supp., EFC No. 10-1, at 11). Plaintiff's counsel certifies that the "@canadian-pharmacies-online.net" email addresses appeared on the Blanche website and that cease-and-desist letters sent to those addresses were not returned as undeliverable. (Polito Decl., ECF No. 10-3, ¶ 4–6; Vos Strache Decl., ECF No. 10-4, ¶¶ 4–5). An investigator retained by Plaintiff identified the "@contact.gandi.net" address as associated with Blanche, and registration

---

[1] A report prepared by the National Cyber-Forensics & Training Alliance, identified "P.O. Box 17870, LOB 15-514, Jebal Ali Free Zone, 75013, AE" as Blanche's address in the UAE.

information for the Blanche website listed the "@privacyhero.company" address as the registration and administrator email address. (Miller Decl., ECF No. 10-2, ¶ 4 & Ex. 2). Plaintiff's counsel certifies that cease-and-desist letters and other communications sent to these email addresses were not returned as undeliverable. (ECF No. 10-3, ¶¶ 5–6; ECF No. 10-4, ¶ 5).

Plaintiff reports that it has attempted to serve Blanche personally by retaining an investigator to serve Blanche its UAE address. (*Id.* at 3). Despite attempts to serve Blanche at that address and to discover any other address associated with Blanche, the investigator has been unable to locate an actual Blanche office. (*Id.* at 3–4).

Accordingly, Plaintiff argues that service by email is warranted because, in this case, it is not prohibited by any international agreement and is reasonably calculated to provide actual notice. (*Id.* 4–5). Specifically, Plaintiff asserts that the UAE, the only known physical location associated with Blanche, is not a signatory to the Hague Convention[2] or any other international agreement regarding service of process. (*Id.* at 5–9). Furthermore, it contends that, even if Blanche is located in a country that is a signatory to the Hague Convention, that agreement does not apply if the address of the person to be served is unknown. (*Id.*). Plaintiff asserts that service by email to the addresses listed above is reasonably calculated to give Blanche actual notice as the email addresses appear to be valid and are associated with the Blanche's website. (*Id.* at 9–11).

### B. Analysis

Federal Rule of Civil Procedure 4(f) governs service of process on defendants in foreign countries and sets forth three potential methods for service: (1) under the Hague Convention or

---

[2] The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Convention") is an international agreement that sets out the means of process for foreign defendants in international civil suits.

other applicable international agreement; (2) in the absence of limitations under an international agreement, as a foreign country's law prescribes or permits or as directed by a foreign authority; or  (3) by other means not prohibited by international agreement, as directed by the Court.  Fed. R. Civ. P. 4(f); *see also SEC v. Dubovoy*, Civ. A. No. 15-6076 (MAH), 2016 WL 7217607, at *2–3 (D.N.J. Dec. 13, 2016).

Determining whether an alternative method of service is appropriate under Rule 4(f) is left to the discretion of the Court.  *See Dubovoy*, 2016 WL 7217607 at *2.  Courts have granted motions for alternative service when the movant has shown that there is no international agreement prohibiting service by the proposed method, that the proposed method of service is reasonably calculated to provide the defendant notice, and that the movant has made a good faith effort to locate the defendant.  *See id.* at *2–3; *Bravetti v. Liu*, Civ. A. No. 12-7492 (TJB), 2013 WL 6501740, at *3–4 (D.N.J. Dec. 11, 2013); *see generally Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (holding method of service must be reasonably calculated to provide notice under all circumstances).  Although alternative service under rule 4(f)(3) "is equal to other forms of service," the plaintiff should still show some difficulty in effecting service by normal means. *Bravetti*, 2013 WL 6501740 at *3; *see also Marlabs Inc. v. Jakher*, 2010 U.S. Dist. LEXIS 39557 D.N.J. April 22, 2010.

Here, Plaintiff has established its efforts to serve Blanche personally, by having an investigator research potential addresses for Blanche and by attempting to serve Blanche at the only discoverable address associated with it.  Accordingly, permitting some sort of alternative service is justified.

There is no binding international agreement that prohibits Plaintiff's proposed method of alternative service.  The only address connected to Blanche is in the UAE, which is not a signatory

of the Hague Convention or, apparently, any other applicable international agreement. *See* Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Hague Conference on Private International Law, available at https://www.hcch.net/en/insturments/conventions/status-table/?cid=17. Furthermore, the Hague Convention, by its own terms, does not apply when "the address of the person to be served is unknown." *See Bravetti*, 2013 WL 6501740 at *3. Although Plaintiff identified an address associated with Blanche, its investigators determined that Blanche maintains no actual presence at that address. Accordingly, Blanche's address may be considered unknown for the purpose of the Hague Convention.

Lastly, Plaintiff's proposed alternative method of service, by email, appears reasonably calculated to provide actual notice to Blanche and thus comports with due process of law. *See Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, Civ. A. No. 13-458 (MRH), 2013 WL 1644808, at *1 (W.D. Pa. April 16, 2013). Plaintiff's sending of emails to the addresses associated with Blanche without receiving notifications that such emails were undeliverable makes a prima facie showing that the email addresses are themselves at least valid. *See Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Grp.*, Civ. A. No. 15-246 (DOC), 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016) (finding that plaintiff's email to defendant, which did not come back undelivered, was reasonably calculated to provide actual notice); *see also Goes Int'l, AB v. Dodur Ltd.*, Civ. A. No. 14-5666 (LB), 2015 WL 1743393, at *3 (N.D. Cal. Apr. 16, 2015) (same). The fact that some of the email addresses proposed by Plaintiff for service are directly associated with the website through which Blanche conducts business, as well as the apparent lack of any alternative method of communicating with Blanche, strengthens the conclusion that service by email to these addresses is warranted.

### III.    CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to serve Blanche via alternative means (ECF No.10) is **GRANTED**; and it is further

**ORDERED** that Plaintiff may effect service of process on defendant Blanche LTD, pursuant to Federal Rule of Civil Procedure 4(f)(3), by emailing the Summons and Complaint to:

- rx@canadian-pharmacies-online.net;

- customerservice@canadian-pharmacies-online.net;

- y5q299r9kvetafoq@privacyhero.company; and

- 015a86afla47d78300092073b9b6bbb9-1551262@contact.gandi.net;

and it is further

**ORDERED** that the Clerk of Court shall terminate the motion filed as ECF No. 10.


**IT IS SO ORDERED.**

Dated:  March 9, 2017

_Leda Dunn Wettre_
**Leda Dunn Wettre**
**United States Magistrate Judge**

Original:    Clerk of the Court
    cc:    Hon. Susan D. Wigenton, U.S.D.J.
        All Parties

6